IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICIA HENNESSEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | No. ______________________ |
| PROFESSIONAL WELLNESS SOLUTIONS, LLC, d/b/a RESOLVE USA, a Georgia limited liability company, | : | |
| | : | |
| Defendant. | : | |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, PROFESSIONAL WELLNESS SOLUTIONS, LLC, is a limited liability company organized under the laws of the State of Georgia. [Hereinafter, said Defendant is referred to as "PWS"].

5. PWS transacts business in this state.

6. PWS's transactions in this state give rise to the Plaintiff's cause of action.

7. PWS is subject to the jurisdiction and venue of this Court.

8. PWS may be served by personal service upon its registered agent in the State of Georgia, to wit: James Jones, 14540 Wood Road, Milton, GA 30004, or wherever said agent may be found.

9. Alternatively, PWS may be served by personal service upon any authorized agent or officer at the following alternate address: 2102 Abbey Court, Alpharetta, GA 30004, which may be a residential address.

10. Alternatively, PWS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia.

## FACTS COMMON TO ALL CAUSES

11. PWS uses the mails in its business.

12. PWS uses telephone communications in its business.

13. The principle purpose of PWS's business is the collection of debts.

14. PWS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. PWS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, PWS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. The alleged debt which PWS attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

18. During the 12 months directly preceding the filing of this complaint, PWS left at least three telephone messages for Plaintiff requesting a return call.

19. It is the practice and procedure of PWS not to leave the name of their collection agency in messages it leaves for debtors.

20. It is the practice and procedure of PWS not to identify itself as a debt collector in messages it leaves for debtors.

21. It is the practice and procedure of PWS not to disclose the purpose of the call when it leaves messages for debtors.

22. In the messages, PWS did not meaningfully disclose its identity.

23. In the messages, PWS did not state that the communications were from a debt collector.

24. In the messages, PWS did not state that the purpose of the communications were an attempt to collect a debt.

25. PWS's ordinary course of business conduct violates multiple sections of the FDCPA.

26. PWS's policy for leaving messages with consumer debtors is intentional.

27. Alternatively, PWS's policy for leaving messages was measured and calculated.

28. Defendant's communications violate the Fair Debt Collection Practices Act.

29. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

30. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

31. Defendant's violations of the FDCPA include, but are not limited to, the following:

32. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

33. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

34. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

35. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

/s/ James M. Feagle

James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax